UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

JOHN and JANE DOE,
as parents and natural guardians of
R.V., a Minor,

    Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

    Defendants,
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs sue Defendant and allege:

**PRELIMINARY ALLEGATIONS**

1. Plaintiffs, JOHN and JANE DOE, as parents and natural guardians of R.V. ("the Minor"), a Minor, are citizens of the State of Vermont.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED. d/b/a Disney Cruise Line (hereinafter "DISNEY"), is a foreign entity which has its principal place of business in Florida. This lawsuit arises out of the sexual assault of the Doe's then 3-year-old minor child, while she was in the Disney cruise ship's Oceaneer Club day care facility. Herein, Plaintiffs seeks all damages available by law in the amount of $20,000,000.00.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction

pursuant to 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under this Court's admiralty and maritime jurisdiction.

4. Defendant, DISNEY, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193;

    e. The acts of DISNEY set out in this Complaint occurred in whole or in part in this county and/or state;

    f. DISNEY, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Disney Fantasy*.

    g. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant, DISNEY, is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, DISNEY owned, operated, managed, maintained and/or controlled the vessel, *Disney Fantasy*.

- 3 -

## FACTS COMMON TO ALL COUNTS

8. From January 4, 2020, through January 11, 2020, JOHN and JANE DOE along with the Minor were paying passengers on DISNEY's vessel, which was in navigable waters, during a seven-day cruise.

9. At all times material, including prior to the start of the subject cruise, DISNEY provided documents to the Plaintiffs aboard its ship promoting and/or providing information about its child care and/or day care programs.

10. At all times material, JOHN and JANE DOE relied, to their detriment, on the statements and representations that when enrolling their minor child in the DISNEY child care program, that DISNEY counselors would supervise the children enrolled in the youth program.

11. Accordingly, JOHN and JANE DOE enrolled the Minor[1] in DISNEY's Youth Club.

12. At all times material, DISNEY operates the Oceaneer Club ("Youth Club") which is offered for children between the ages of three (3) and twelve (12) and based on a child's interest level and maturity, not age.

13. At all material times, DISNEY's Youth Club allows children between the ages three (3) and twelve (12) to play together without restriction.

14. At all material times, DISNEY also operates the 'It's a Small World Nursery' ("Nursery") for children between the ages of one (1) and three (3) who were not toilet trained.

---

[1] The Minor was three years, four months old at the time of the incident.

15. On or about January 9, 2020, while enrolled and entrusted to the care of DISNEY in the Youth Club, R.V. was in a small room known as the Lab Media Lounge for a period of time with several other children.

16. While in the Lab Media Lounge of the Youth Club, the Minor was physically restrained and sexually assaulted by a significantly older child, who was also a passenger on the cruise.

17. The Minor was excessively groped and sexually touched in her private parts by the older child and did not have the physical capability to break through the physical restraint and thereby end the sexual assault.

18. The Minor was physically restrained and/or sexually assaulted and/or physically battered while several DISNEY counselors and crewmembers entered the Lab Media Lounge but failed to recognize and/or appreciate the ongoing sexual assault.  The assault occurred in what was the plain view of one or more DISNEY counselors/crewmembers.

19. The Defendant's Youth Club personnel failed to recognize  the sexual assault and, therefore, allowed the ongoing abuse suffered by the Minor at the hands of another passenger for an extended period of time.

20. At all material times, the Defendant failed to notify the Plaintiffs/parents of the sexual assault , including the Minor's emotional and physical distress during and immediately after the incident.

21. The Defendant's Youth Club personnel were not properly fit, trained, skilled or licensed to work in a child care program for children between the ages of three (3) and twelve (12).

22. Instances of sexual assaults occur aboard vessels at an alarming rate.[2] Yet DISNEY fails to take adequate steps or provide adequate supervision to prevent such occurrences, and fails to warn its passengers of the growing epidemic of sexual assaults at sea. Defendant's motive for failing to warn its passengers is financial in nature; that is, Defendant willfully chooses not to warn its passengers about sexual assaults aboard its ships so as not to scare any prospective passengers away.

### COUNT I – NEGLIGENCE FOR SEXUAL ASSAULT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

23. At all times material hereto, it was the duty of Defendant to provide the Minor with reasonable care under the circumstances while the Minor was a passenger aboard the *Disney Fantasy*.

24. On or about January 9, 2020, R.V. was injured due to the fault and negligence of Defendant, and/or its agents, servants and/or employees as follows:

    a. Failure to provide reasonably safe conditions for the Minor aboard Defendant's vessel. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons could sexually assault passengers;

    b. Failure to notify and/or warn the parents of the Minor that the Minor was left unsupervised in the Youth Club;

---

[2] *See K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1049 (11th Cir. 2019) (citing *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1208 n.4 (11th Cir. 2011)("Unfortunately, if **congressional reports are to be believed, sexual assaults and other violent crimes on cruise ships are a serious problem**.").

c. Failure to notify the parents of the Minor that the Minor was sexually assaulted and/or physically battered by another passenger in the Youth Club;

d. Failure to notify the parents of the Minor that the Minor was experiencing mental anguish and trauma after being sexually assaulted and/or physically battered by another passenger in the Youth Club;

e. Negligently grouping the Minor with others passengers in the Youth Club area while unsupervised;

f. Failure to ascertain that the Minor was suffering extreme emotional and mental anguish during the subject sexual assault and/or battery incident;

g. Failure to provide an adequate staffing ratio for the number of children participating in the Youth Club;

h. Failing to adequately regulate the conduct of youth passengers enrolled in the Defendant youth program;

i. Failure to place the Minor in the Nursery based her on her maturity level and interest;

j. Failing to protect their passengers, especially Minors, from sexual assaults and/or physical battery by other passengers;

k. Failing to promulgate and/or enforce adequate policies and/or procedures to ensure that youth enrolled in Defendant's youth programs are adequately and continuously monitored and supervised;

l. Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from sexually assaulting Minor passengers aboard the ship; and/or

    m. Defendant violated the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or by failing to adequately implement and follow the Safety Management System Manual they have, as it related to protecting passengers from sexual assault aboard Defendant's ships, all of which caused Plaintiff to be injured.

25. Defendant knew or should have known of the risk of sexual abuse for children that remain unsupervised and which remains unreported and thereby failed to protect the Minor from sexual assault and/or physical battery in the Youth Club.  At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiffs about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's inspection and/or supervision of the subject area and/or through prior alleged incidents involving passengers who were sexually assaulted and/or physically battered and injured due to similar incidents aboard Defendant's vessels and/or other vessels reported within the cruise industry.

26. As a direct and proximate result of the negligence of Defendant, the Minor was caused to be sexually assaulted and/or physically battered while in the day care facility aboard the Disney cruise ship.

27. As a result of the foregoing, the Minor was injured about her body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or

nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs demand judgment for all damages recoverable under the law against Defendant, and demands trial by jury.

## COUNT II – NEGLIGENT SUPERVISION

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

28. At all times material hereto, it was the duty of the Defendant to provide the Minor with reasonable care under the circumstances while she was a passenger aboard the *Disney Fantasy*.

29. On or about the above date, the Minor was injured due to the fault and negligence of Defendant, and/or its agents, servants and/or employees as follows:

    a. Failure to adequately supervise the Minor while enrolled in the Defendant's Youth Club;

    b. Failure to ascertain the Minor's maturity level and interests for placement in the Nursery with children of her size and maturity level;

    c. Allowing the Minor to remain in the Youth Club without adequate supervision;

    d. Failure to conduct proper and adequate safety rounds in compliance with company policy including, but not limited to, reporting suspicious and/or criminal conduct to ensure children in the Youth Club were reasonably safe;

    e. Failure to timely and properly identify Plaintiff's incident involving sexual assault and/or physical battery in a timely manner in order to facilitate care, reporting,

and corrective action pursuant to Defendant's policies and procedures;

f. Failing to adequately monitor and/or supervise passengers, especially Minor passengers, so as to keep them away from dangerous passengers and/or dangerous situations;

g. Failing to promulgate and/or enforce adequate policies and/or procedures to ensure that youth enrolled in Defendant youth programs are adequately and continuously monitored and supervised;

h. Failing to provide adequate supervision and/or security for Minor passengers aboard its vessels;

i. Defendant violated the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or by failing to adequately implement and follow the Safety Management System Manual they have, as it related to protecting passengers from sexual assault aboard Defendant's ships, all of which caused Plaintiff to be injured.

30. At all times material hereto, Defendant knew of the Youth Club personnel's unfitness and did not investigate or take corrective action including but not limited to investigating, discharging, or reassigning the unfit personnel in the Youth Club which thereby caused Plaintiff's incident or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them.  This knowledge was or should have been acquired through Defendant's supervision of the subject area and its personnel and/or through prior similar alleged incidents involving passengers who were sexually assaulted and/or physically battered

and injured due to similar incidents aboard Defendant's vessels and/or other vessels reported within the cruise industry.

31. As a direct and proximate result of the negligence of Defendant, the Minor was caused to be sexually assaulted and/or physically battered.

32. As a result of the foregoing, the Minor was injured about her body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs demand judgment for all damages recoverable under the law against Defendant, and demands trial by jury.

## COUNT III – NEGLIGENT MODE OF OPERATION

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

33. It was the duty of Defendant to exercise reasonable care to reduce, minimize or eliminate foreseeable risks.

34. On or about January 9, 2020, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

35. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees, as follows:

    a.  Operating the Youth Club without doing proper risk assessments and determining

- 10 -
LIPCON, MARGULIES & WINKLEMAN, P.A.

    the safety risks associated with having children, including the Minor, left unsupervised in areas where older children are present and then failing to address those safety risks and take the appropriate measures;

b.  Failure to separate children by adequate age groups with age appropriate interests and of similar emotional and mental capacity in an effort to eliminate or reduce risk of sexual abuse when children, like the Minor, are in the Youth Club;

c.  Failure to properly assess the staffs' competence to safely operate and manage the Youth Club;

d.  Failure to provide appropriately skilled individuals involved in the assessment of child and safety risks associated with the Youth Club operated in the cruise ship environment;

e.  Failure to provide an adequate ratio of youth counsels for number of children in the Youth Club to as to safely operate the Youth Club and eliminate or reduce risk of sexual assault among children;

f.  Failure to adequately instruct, monitor and/or supervise the Youth Club including its passengers and youths so as to eliminate or reduce risk of sexual abuse when children, like the Minor, are in the Youth Club;

g.  Failure to operate the Youth Club reasonably safely by placing emphasis on having children engage without restriction over ensuring child safety;

h.  Failure to properly, adequately and/or regularly instruct passenger participants on how to maintain proper personal space while in the Youth Club in effort to eliminate or reduce risk of sexual abuse when children, like the Minor, are in the Youth Club;

    i. Failure to engage in any type of structural system, operational, or safety analysis including selection and utilization of reasonably safe activities for children between the ages of three (3) and twelve (12) in order in effort to eliminate or reduce risk of sexual abuse when children, like the Minor, are in the Youth Club;

    j. Failure to design and provide adequate spacing for safe operation of the Youth Club in effort to eliminate or reduce risk of sexual abuse among children; and/or

    k. Failure to learn and/or identify all the safety risks associated with operating a Youth Club for children between the ages of three (3) and twelve (12) and then determining how in effort to eliminate or reduce risk of sexual abuse when children, like the Minor, are in the Youth Club.

36. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's specific mode of operation of the Youth Club.

37. At all times material hereto, the mode of operating the Youth Club was unreasonably dangerous and Defendant thereby created a dangerous and/or unsafe condition.

38. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance, inspection and/or supervision of the subject area and/or through prior alleged incidents involving passengers who were sexually assaulted and/or physically battered and injured

due to similar incidents aboard Defendant's vessels and/or other vessels reported within the cruise industry.

39. As a result of the foregoing, the Minor was injured about her body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs demand judgment for all damages recoverable under the law against Defendant, and demands trial by jury.

## COUNT IV – NEGLIGENT HIRING AND/OR RETENTION

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

40. At all times material hereto, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances.

41. At all times material hereto, Defendant had a duty to select and/or hire properly qualified and/or competent personnel to serve as Youth Club staff aboard the vessel, and Defendant undertook a duty to do so reasonably in view of it providing and staffing a child care/day care facility aboard the vessel.

42. At all times material hereto, as part of its duty to select and/or hire properly qualified and/or competent staff, it was incumbent upon Defendant to diligently inquire into the Youth Club personnel's qualifications and competency.

43. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiffs with reasonable care under the circumstances by selecting and/or retaining the Youth Club personnel, which were not properly qualified or competent based on the following:

    a. Failing to provide adequate training for their crewmembers assigned to the Youth Club;

    b. Failure to hire competent staff that were trained and skilled in identifying and reporting child abuse and/or sexual assaults and/or physical batteries;

    c. Failure to properly assess the staffs' competence to safely supervise and monitor children in the Youth Club;

    d. Failure to properly assess the staffs' competence to safely operate and manage the Youth Club;

    e. Failure to provide appropriately skilled individuals involved in the assessment of child and safety risks associated with the Youth Club operated in the cruise ship environment; and/or

    f. Failure to ensure its staff was skilled and competent to report suspicious and/or criminal conduct to ensure children in the Youth Club were reasonably safe.

44. The Youth Club personnel lacked one or more of the following requirements / hiring criteria of Defendant:

    a. Proper education, licenses, training, experience and/or skills to work in an environment, like the vessel's Youth Club, involving critical situations involving children;

b. Proper education, licenses, training, experience and/or skills to implement and/or follow an adequate system in order to identify and report suspicious and/or criminal conduct;

c. Proper education, licenses, training, experience and/or skills to implement and/or follow an adequate system in order to identify and protect vulnerable children; and/or

d. Proper education, licenses, training, experience and/or skills to implement and/or follow an adequate system in order to identify and report child abuse and/or sexual assaults and/or physical batteries.

45. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection and/or supervision of the subject area and/or through prior alleged incidents involving passengers who were sexually assaulted and/or physically battered and injured due to similar incidents aboard Defendant's vessels and/or other vessels reported within the cruise industry.

46. These background checks, investigations, complaints and/or incidents did or should have revealed the Youth Club personnel's lack of proper education, licenses, training, experience and/or skills set forth in the preceding paragraphs.

47. As a result of the foregoing, the Minor was injured about her body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma,

psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs demand judgment for all damages recoverable under the law against Defendant, and demands trial by jury.

### COUNT V – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

48. At all times material hereto, it was the duty of Defendant to provide the Minor with reasonable care under the circumstances while she was a passenger aboard the *Disney Fantasy*.

49. On or about the above date, the Minor was injured due to the fault and negligence of Defendant, and/or its agents, servants and/or employees as follows:

    a. Failing to warn the Plaintiffs that it would not provide adequate supervision of the Minor;

    b. Failing to warn the Plaintiffs that it would not provide sufficient staff to supervise the Minor at all times while in the Youth Club;

    c. Failing to warn the Plaintiffs that the Youth Club was not staffed with skilled, trained, or licensed personnel to adequately assess child safety and/or identify and report suspicious and/or criminal conduct;

    d. Failing to adequately warn passengers of the dangers of sexual assaults aboard Defendant's ships; and/or

    e. Failing to promulgate and/or enforce policies and/or procedures designed to warn passengers and prevent them from sexual assaults including Minor passengers aboard the ship.

50. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiffs about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's inspection and/or supervision of the subject area and/or through prior alleged incidents involving passengers who were sexually assaulted and/or physically battered and injured due to similar incidents aboard Defendant's vessels and/or other vessels reported within the cruise industry.

51. As a direct and proximate result of the negligence of Defendant, the Minor was caused to be sexually assaulted and/or physically battered.

52. As a result of the foregoing, the Minor was injured about her body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs demand judgment for all damages recoverable under the law against Defendant, and demands trial by jury.

Filed on September 22, 2021

                                              LIPCON, MARGULIES
                                              & WINKLEMAN, P.A.
                                              *Attorneys for Plaintiff*
                                              One Biscayne Tower, Suite 1776
                                              2 South Biscayne Boulevard
                                              Miami, Florida 33131
                                              Telephone No.: (305) 373-3016
                                              Facsimile No.: (305) 373-6204

By:  */s/ Michael Winkleman*
       **MICHAEL A. WINKLEMAN**
       Florida Bar No. 36719
       mwinkleman@lipcon.com
       **JASON R. MARGULIES**
       Florida Bar No. 57916
       jmargulies@lipcon.com
       **STEFANIE A. BLACK**
       Florida Bar No. 111903
       sblack@lipcon.com