# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOHN DOE and JANE DOE,

    Plaintiffs,

    v.

MAGICAL CRUISE COMPANY, LTD.,

    Defendant.

Case No. 6:21-cv-1566-RBD-RMN

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Tax Costs, filed September 14, 2023. (Dkt. 105). Plaintiffs, appearing *pro se*, oppose Defendant's motion. Dkts. 106, 107. The motion has been referred to me for a report and recommendation. Upon careful consideration, I respectfully recommend the Court deny the motion without prejudice.

### I. BACKGROUND

The Court entered judgment for Defendant on July 27, 2023, Dkt. 88, and denied Plaintiffs' motion for reconsideration on August 31, 2023, Dkt. 103. Defendant filed both a bill of costs and moved for an award of costs under 28 U.S.C. § 1920 on September 14, 2023. Dkts. 104, 105.

Plaintiffs have filed a notice of appeal. Dkt. 100. The Eleventh Circuit has found probable jurisdiction over the appeal, and the parties are in the

process of filing their substantive briefs. *See Doe v. Magical Cruise Co. Ltd.*, No. 23-12816 (11th Cir.), Docs. 13 (appellants' brief), 22 (order noting probable jurisdiction), 26 (appellee's brief).

## II. LEGAL STANDARDS

A notice of appeal generally divests a district court of jurisdiction over the matter appealed. *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). But the district court retains jurisdiction to consider matters collateral to those on appeal, including motions for attorney's fees and costs. *See Elver v. Whidden*, No. 2:18-cv-102, 2019 WL 718536, at *1 (M.D. Fla. Feb. 20, 2019) (citing *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). A district court's consideration of such motions is discretionary. *See, e.g.*, *id.* (quoting Fed. R. Civ. P. 54(d) Advisory Committee Note to 1993 Amendment and collecting cases); *see also Sowers v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-11829, 2018 WL 11025038, at *1 (M.D. Fla. Aug. 6, 2018). Indeed, the Advisory Committee Note to the to 1993 amendment to Rule 54 states that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."

### III.  ANALYSIS

The interests of justice would be best served here by resolving Defendant's request to tax costs once the appeal that is pending before the Eleventh Circuit is resolved. If the Court awards costs before the Eleventh Circuit issues its mandate, the award of costs "may need to be recalculated, repaid, reimbursed, or offset, depending on the outcome of the appeal." *Yellowpages Photos, Inc. v. YP, LLC & Print Media LLC*, No. 8:17-cv-764, 2020 WL 6729719, at *2 (M.D. Fla. Oct. 29, 2020), *report and recommendation adopted sub nom. Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-CV-764-T-36JSS, 2020 WL 6728846 (M.D. Fla. Nov. 16, 2020) (citing *Truesdell v. Thomas*, No. 5:13-cv-552, 2016 WL 7049252, at *3 (M.D. Fla. Dec. 5, 2016)). At a minimum, if the Court were to resolve this issue now, "it would be asked to repeat the procedure following the appeal." *Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03-cv-985, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005). In short, postponing Defendant's request to tax costs until after the pending appeal is resolved conserves judicial resources.[1]

---

[1] The parties can also use the additional time to continue their good faith conferral on the costs sought in an effort to potentially narrow the disputes. If successful even in part, that effort would also conserve judicial resources.

## IV. RECOMMENDATION

Accordingly, I respectfully recommend that the Court **DENY** without prejudice Defendant's Motion to Tax Costs (Dkt. 105) and direct Defendant to renew its motion no more than 14 days after the Eleventh Circuit issues a mandate in the appeal.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on January 9, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record

John and Jane Doe
P.O. Box 861
Williston, Vermont 05495